# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0392V

|   |   |
|---|---|
| KELLY GIBSON,<br><br>                  Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                  Respondent. | Chief Special Master Corcoran<br><br>Filed: August 6, 2025 |

*Rhonda Lorenz-Pignato*, Shannon Law Group, PC, Woodridge, IL, for Petitioner.

*Felicia Langel*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

      On January 8, 2021, Kelly Gibson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccine she received on August 20, 2020. Petition at 1. On April 16, 2025, I issued a decision finding Petitioner entitled to compensation and awarding damages following briefing by the parties. ECF No. 58.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $81,355.82 (representing $79,588.40 for fees and $1,767.42 for costs). Petitioner's Application for Fees and Costs filed May 6, 2025, ECF No. 63. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 62.

Respondent reacted to the motion on May 7, 2025, representing that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 64. On May 8, 2025, Petitioner filed a reply requesting that the amount of fees and costs listed in Petitioner's motion be awarded. ECF No. 65.

Having considered the motion along with the invoices and other proof filed in connection, I find reductions in the amount of fees and costs to be awarded appropriate, for the reasons set forth below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1.

Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed through the end of 2024 are reasonable and consistent with our prior determinations, and will therefore be adopted. For work performed by Ms. Lorenz-Pignato in 2025, Petitioner is requesting the hourly rate of $562.00, representing an increase of $56.00 from the previous year. ECF No. 63-2 at 1-3. Although a larger increase than I usually would approve and greater than what has been awarded to date for Ms. Lorenz-Pignato's work in 2025 (*e.g., Papa* 20-1086V (issued July 16, 2025)),[3] I find the requested rate is reasonable.

The prior rate awarded for Ms. Lorenz-Pignato's 2025 work ($555.00) is lower than the range corresponding to her overall experience (more than 31 years) and was previously awarded only because it was requested. In this case, Petitioner has requested the minimal amount for attorneys with Ms. Lorenz-Pignato's experience in 2025.[4] I will allow this increased hourly rate of $562.00.

Regarding the number of hours billed, I deem the *total* amount of time devoted to briefing damages to be excessive – although not egregiously so. *See* Petitioner's Motion for Ruling on the Record and Brief on Damages, filed Jan. 9, 2024, ECF No. 46; Petitioner's Supplemental Brief on Damages, filed Jan. 19, 2024, ECF 50; Petitioner's Reply to Respondent's Response to Motion for Ruling on the Record and Brief on Damages, filed April 8, 2024, ECF 54. Petitioner's counsel expended approximately 25.0 hours drafting the entitlement and damages brief and 7.2 hour drafting the reply brief, for a total of 32.2 hours. ECF No. 63-2 at 4, 6-9.[5]

---

[3] Although this Fee Decision has not yet been posted on the Court's website, the deadline for any redaction request has passed. The Fee Decision should be available for public viewing during August 2025.

[4] The 2025 Attorney's Forum Hourly Rate Fee Schedule is available on the U.S. Court of Federal Claim's website: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules.

[5] This total is calculated as follows: 1.2 hours billed on 10/21/23 and 11/1/23, by Rhonda Lorenz-Pignato at a rate of $477; and 31.0 hours billed on 1/2/24 (four entries), 1/3/24 (three entries), 1/5/24 (three entries), 1/8/24 (four entries), 1/19/24, 4/4/24 (five entries), and 4/8/24, by Rhonda Lorenz-Pignato at a rate of $506. ECF No. 63-2 at 4, 6-9.

My above calculation does not include time spent performing research and preparing the initial demand which would have informed this later work, and I am therefore awarding fees associated with that task in full. ECF No. 63-2 at 16-20. Nor am I counting time spent communicating with Petitioner and preparing additional supporting documentation such as affidavits or signed declarations, which is also being awarded in full. *See,* e.g., *id.* at 9 (entry dated 11/13/23).

It is unreasonable for counsel to spend so much time briefing, even the matter of both entitlement and damages in this case, where the issues presented are not complex. I have identified numerous cases (which may reasonably be compared to time spent in this matter),[6] in which attorneys have accomplished this task in about half the time.[7]

---

[6] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

[7] *See,* e.g., *Creedon v. Sec'y of Health & Hum. Servs.*, No. 21-0309V (June 18, 2025) (8.9 and 6.0 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Miller v. Sec'y of Health & Hum. Servs.*, No. 22-0594V (June 13, 2025) (17.0 and 6.8 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Kelly v. Sec'y of Health & Hum. Servs.*, No. 21-2202V (June 13, 2025) (16.3 and 4.4 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Krebs v. Sec'y of Health & Hum. Servs.*, No. 21-0484V (June 13, 2025) (14.5 and 6.2 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively) *Field v. Sec'y of Health & Hum. Servs.*, No. 20-1958V (June 13, 2025) (9.5 and 4.6 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Donovan v. Sec'y of Health & Hum. Servs.*, No. 22-0306V (June 12, 2025) (16.6 and 10.6 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Luk v. Sec'y of Health & Hum. Servs.*, No. 23-0191V (June 11, 2025) (12.4 and 3.5 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Shields v. Sec'y of Health & Hum. Servs.*, No. 20-1970V (Jan. 27, 2025) (19.3 and 2.9 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Vaccaro v. Sec'y of Health & Hum. Servs.*, No. 20-1704V (Jan. 27, 2025) (8.6 and 4.4 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Schwalm v. Sec'y of Health & Hum. Servs.*, No. 21-0066V (Dec. 2, 2024) (12.2 and 6.9 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Stanton v. Sec'y of Health & Hum. Servs.*, No. 21-0360V (Nov. 25, 2024) (15.9 and 4.5 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Hirsch v. Sec'y of Health & Hum. Servs.*, No. 20-1110V (Nov. 25, 2024) (16.0 and 4.1 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Templin v. Sec'y of Health & Hum. Servs.*, No. 21-1446V (Nov. 25, 2024) (12.0 and 0.4 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively) *Kleinschmidt v. Sec'y of Health & Hum. Servs.*, No. 20-0680V (Apr. 9, 2024) (13.9 and 4.8 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Amor v. Sec'y of Health & Hum. Servs.*, No. 20-0978V (Apr. 10, 2024) (11.9 and 2.7 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *McGraw v. Sec'y of Health & Hum. Servs.*, No. 21-0072V (Apr. 1, 2024) (17.4 and 9.6 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Wilson-Blount v. Sec'y of Health & Hum. Servs.*, No. 21-1400V (Oct. 25, 2023) (14.2 and 7.4 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Bidlack v. Sec'y of Health & Hum. Servs.*, No. 20-0093V (Oct. 25, 2023) (9.4 and 6.8 hours

Of course, having prevailed in this case, a fees award is generally appropriate. *Gibson v. Sec'y of Health & Hum. Servs.,* No. 21-0392V, 2025 WL 1483427 (Fed. Cl. Spec. Mstr. Apr. 16, 2024) (also found at ECF No. 58). But the Act permits only an award of a *reasonable amount of* attorney's fees. The only issues being contested were severity and the appropriate amount of pain and suffering. *Id.* at *7-10; *see* Section 11(c)(1)(D)(i) (Vaccine Act's six-month severity requirement). And I awarded an amount for pain and suffering ($47,500.00) that was only $10,000.00 more than that proposed by Respondent ($37,500.00), as compared to the amount proposed by Petitioner ($77,000.00) - further underscoring the futility of Petitioner's arguments. *Gibson,* 2025 WL 1483427, at *9-11*. The circumstances of this case did not warrant devoting so much time to briefing.

Of course, having prevailed in this case, a fees award is generally appropriate. ECF No. 39. But the Act permits only an award of a *reasonable amount of* attorney's fees. Accordingly, I will reduce the sum to be awarded for entitlement damages briefing (**a total of 32.2 hours, or $16,258.40)** but only by *twenty percent*.[8] Such an across-the-board reduction (which I am empowered to adopt)[9] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $3,251.68.**[10]

---

billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Johnson v. Sec'y of Health & Hum. Servs.*, No. 19-1543V (Aug. 17, 2023) (17.8 and 9.7 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Piccolotti v. Sec'y of Health & Hum. Servs.*, No. 20-0135V (June 8, 2023) (11.6 and 3.8 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Merson v. Sec'y of Health & Hum. Servs.*, No. 18-0589V (May 18, 2023) (9.8 hours billed for drafting an entitlement and damages brief – although some time was doubtlessly saved by my March 9, 2020 factual ruling finding an appropriate pain onset); *C.H. v. Sec'y of Health & Hum. Servs.*, No. 20-0249V (May 16, 2023) (12.9 and 6.1 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively). These decisions can (or will) be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited Dec. 6, 2024).

[8] Because the amount of excessive hours was not as egregious as in previous cases, I will reduce the hours billed by a lower amount than I otherwise would apply. *See,* e.g., *Callejas v. Sec'y of Health & Hum. Servs.,* No. 20-1767V, 2023 WL 9288086 (Fed. Cl. Spec. Mstr. Oct. 24, 2023).

[9] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[10] This amount is calculated as follows: (31.2 hrs. x $477 + 31.0 hrs. x $506) x .20) = $3,251.68.

Additionally, Petitioner billed 3.2 hours expended by two attorneys and a paralegal at the firm in early 2021, spent identifying and closing a duplicate claim mistakenly initiated.[11] Pursuant to the one petition rule, "[o]nly one petition may be filed with respect to each administration of a vaccine." *See* Section 11(b)(2). Any filing fee paid with the duplicative petition is not refunded, and the work performed to rectify the mistake is not reimbursed. **This results in a further reduction of $1,007.60.**[12]

## ATTORNEY COSTS

Petitioner requests $1,767.42 in overall costs and has provided receipts for all expenses. ECF No. 63-4 at 1-22. I have reviewed the requested costs and find them to be reasonable. And Respondent offered no specific objection to the rates or amounts sought. ECF No. 64.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$77,096.54 (representing $75,329.12 for fees and $1,767.42 for costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[13]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[11] This time is as follows: 1.5 hours billed on 1/15/21 (two entries), 2/21/21, and 2/25/21, by Rhonda Lorenz-Pignato at a rate of $440; 0.4 hours billed on 1/20/21 by Jonathan Svitak at a rate of $310; and 1.3 hours billed on 1/20/21 and 1/21/21, by a paralegal at a rate of $172. ECF No. 63-2 at 40-41.

[12] This amount is calculated as follows: 1.5 hrs. x $440 + 0.4 hrs. x $310 + 1.3 hrs. x $173 = $1,007.60.

[13] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.